IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |
|---|---|
| BAHRAM SHAKERI, | * |
| Plaintiff, | * |
| v. | *  Case No.: GJH-21-551 |
| MGM NATIONAL HARBOR, LLC, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this action, Plaintiff Bahram Shakeri sues Defendant MGM National Harbor, LLC, for gross negligence. ECF No. 1. Now pending before the Court is Defendant's Motion to Dismiss. ECF No. 5. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, the Court will grant Defendant's Motion.

**I.   BACKGROUND[1]**

Plaintiff Shakeri is a resident of Virginia, and Defendant MGM is a limited liability company registered in Maryland. ECF No. 1 ¶¶ 2, 3.[2] On or about January 21, 2020, Plaintiff was at the High Limit Gaming area at the MGM National Harbor in Maryland when he was attacked by Delonte West, a former NBA player and non-party here. *Id.* ¶¶ 6, 7. Plaintiff alleges that West is "known for battling issues of mental health and violence, including being convicted of weapons charges." *Id.* ¶ 7. Plaintiff alleges that he tried to get away from West, but West

---

[1] All facts herein are taken from Plaintiff's Complaint, ECF No. 1, and presumed true.

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

continued to follow him and harass him throughout the casino. *Id.* ¶ 9. Plaintiff alleges that no representative of Defendant ever intervened or asked West to leave the premises, even after West repeatedly attacked and harassed Plaintiff. *Id.* ¶ 12. Plaintiff and West later fought off-premises after West followed Plaintiff's car. *Id.* ¶ 11.

Plaintiff filed the Complaint on March 3, 2021. ECF No. 1. Plaintiff alleged that Defendant was grossly negligent because Defendant had a responsibility to provide a safe environment for its customers. *Id.* ¶17. Plaintiff alleges that he suffered severe emotional distress and is entitled to damages. *Id.* ¶¶ 14, 15. Defendant filed the Motion to Dismiss on April 8, 2021. ECF No. 5. Plaintiff responded in opposition. ECF No. 7.

## II.     STANDARD OF REVIEW

"A defendant may test the adequacy of a complaint by way of a motion to dismiss under Rule 12(b)(6)." *Maheu v. Bank of Am., N.A.*, No. 12-cv-508-ELH, 2012 WL 1744536, at *4 (D. Md. May 14, 2012) (citing *German v. Fox*, 267 Fed. App'x 231, 233 (4th Cir. 2008)). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating the sufficiency of Plaintiff's claims, the Court accepts factual allegations in the Complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## III.    DISCUSSION

Plaintiff has brought a claim for "gross negligence." ECF No. 1 ¶ 19. "To state a claim for gross negligence, 'as with other negligence claims, [a plaintiff] must allege a duty of care, a breach of that duty, and damages as a proximate cause of the breach.'" *Pasternak & Fidis, P.C.*

2

*v. Recall Total Info. Mgmt., Inc.*, 95 F. Supp. 3d 886, 895 (D. Md. 2015) (quoting *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F.Supp.2d 785, 803 (D. Md. 2002)).[3] "Gross negligence" is defined as:

> "An intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them. Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist."

*Taylor v. Harford Cty. Dep't of Soc. Servs.*, 384 Md. 213, 228, 862 A.2d 1026, 1034 (2004) (quoting *Romanesk v. Rose*, 248 Md. 420, 423, 237 A.2d 12 (1968) (internal quotations and citations omitted)).

Defendant argues that it is entitled to dismissal because it had no duty to control or prevent the criminal acts of a third party. ECF No. 6 at 3. Plaintiff argues that the two parties had a "special relationship," and thus, Defendant had a duty to control West from physically harming Plaintiff. ECF No. 7 at 4.

Plaintiff here qualifies as a "business invitee." *See Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 387–88, 693 A.2d 370, 374 (defining a "business invitee" as "one invited or permitted to enter another's property for purposes related to the landowner's business."). Generally, a "business owes an invitee 'a duty to use reasonable and ordinary care to keep the premises safe and to protect the invitee from injury caused by an unreasonable risk which the invitee, by exercising ordinary care for his own safety, will not discover.'" *Jackson v.*

---

[3] Maryland law applies because the events happened in Maryland. "Maryland adheres to the lex doci delicti rule in analyzing choice of law problems with respect to causes of action sounding in tort." *Ben-Joseph v. Mt. Airy Auto Transporters, LLC*, 529 F. Supp. 2d 604, 606 (D. Md. 2008). "Under lex loci delicti, the law of the state where the tort or wrong was committed applies." *Id.*

*A.M.F. Bowling Centers, Inc.*, 128 F. Supp. 2d 307, 311 (D. Md. 2001) (quoting *Southland Corp. v. Griffith*, 332 Md. 704, 719, 633 A.2d 84, 91 (1993)).

In some cases, "a shopkeeper has a legal duty to come to the assistance of an endangered business visitor if there is no risk of harm to the proprietor or its employees." *Southland Corp. v. Griffith*, 332 Md. 704, 719, 633 A.2d 84, 91 (1993). Maryland has "embrace[d] the proposition that an employee of a business has a legal duty to take affirmative action for the aid or protection of a business invitee who is in danger while on the business's premises[.]" The invitee could be in danger from "illness or injury[,]" "pure accident," "acts of third persons, or . . . negligence of the plaintiff himself." *Id.* at n.8. Importantly, however, a business need only act if "the employee has knowledge of the injured invitee and the employee is not in the path of danger." *Id.* at 729.

Plaintiff here has failed to allege any facts to suggest that Defendant had any knowledge of West's threat to Plaintiff. Plaintiff does not allege that Defendant knew of West's harassment or that Plaintiff requested assistance from any MGM employees. Notably, Plaintiff has not alleged that West's attack against Plaintiff could be anticipated. Plaintiff merely alleges that West had "notoriety" for mental health issues. ECF No. 1 ¶ 8. A business "is not required to take precautions against a sudden attack from a third person which he has no reason to anticipate[.]" *Jackson*, 128 F. Supp. 2d at 311 (citing Restatement (Second) of Torts § 314) (internal quotations omitted).

Plaintiff has also failed to allege any grossly negligent conduct. Instead, Plaintiff merely alleges that Defendant failed to intervene in the dispute between Plaintiff and West, which Plaintiff acknowledges culminated in a fight off-premises. ECF No. 1 ¶ 19. This conduct is not so extraordinary or outrageous as to state a claim for "gross negligence," even assuming that Defendant had a duty to intervene. *See Posey v. Centeno*, No. 18-cv-1422-PJM, 2019 WL

3718243, at *2 (D. Md. Aug. 5, 2019) ("For instance, allegations that a sheriff shot an unarmed suspect after he surrendered, and that a corrections officer slept on duty while an inmate murdered the decedent, left the injured decedent on the ground for a considerable period before administering CPR, failed to act on several warnings that the inmate would kill, and failed to ensure that the inmate was restrained are sufficient to state a claim for gross negligence in Maryland.") (internal quotations and citations omitted). Thus, Plaintiff has failed to state a claim.

IV.     **CONCLUSION**

For the reasons discussed, the Motion to Dismiss is granted without prejudice. Plaintiff will be granted 21 days to file an amended complaint. A separate Order follows.

Dated:  March  30, 2022            /s/ _____
                                                                      GEORGE J. HAZEL
                                                                      United States District Judge